A. B. HUMPHREY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 15829, 18498.   Promulgated February 11, 1929.

*Andrew T. Smith, Esq., Virgil Y. Moore, Esq.,* and *N. L. McLaren,
C. P. A.,* for the petitioner.

*Arthur Carnduff, Esq., S. B. Anderson, Esq.,* and *John B. O'Connell, Esq.,* for the respondent.

OPINION.

SMITH: The respondent contends that petitioner's invested capital for the taxable years before us can not be satisfactorily determined and that petitioner's tax liability must, therefore, be computed under the provisions of section 328 of the 1918 Act by comparison with taxes paid by representative corporations.

It is agreed by the parties that since the petitioner was organized after March 3, 1917, and since the interest or control of 50 per cent or more of the property conveyed to it at the time of its organization remained in the same persons, the provisions of section 331 of the Revenue Act of 1918 are applicable, limiting the value at which such property may be included in petitioner's invested capital to the cost thereof to such persons, with a reasonable allowance for depreciation to the date of petitioner's incorporation.

The petitioner contends that the cost of the property conveyed to it by the incorporators, less a reasonable allowance for depreciation to the date of incorporation, is capable of sufficiently definite ascertainment to satisfy the statute.

The evidence before us fairly substantiates the depreciated cost of the property to the incorporators as set out in the above findings of fact. The cost of the land comprising the Mayhews and Escalon ranches was established by the uncontradicted testimony of competent witnesses. The inventory above described was made by Humphrey and Landsborough preparatory to incorporation, and was based upon depreciated cost rather than value. The figures in the most instances were taken from the original invoices and bills. In respect of such items as live stock and other property produced upon the ranches, witnesses testified as to their cost of production and the depreciation sustained from their personal knowledge.

We are satisfied from the entire evidence that the cost less depreciation above shown of the property transferred to petitioner upon its incorporation is reasonably accurate, and that petitioner is entitled to have its tax liability for the years involved recomputed upon the basis of an invested capital not in excess of the amounts shown.

*Judgment will be entered under Rule 50.*